UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JOSE GONZALEZ
    Plaintiff,
v.

MIAMI DADE COUNTY,
and
JONATHAN N. CULVER, Individually and in his official capacity as
Miami Dade Police Officer, and
GIANNI VALDEZ, Individually and in her official capacity as a
Miami Dade Police Officer,

    Defendants.
_____/

# COMPLAINT

Plaintiff JOSE GONZALEZ files this Complaint and sues Defendants MIAMI DADE COUNTY, MIAMI DADE POLICE OFFICER JONATHAN N. CULVER and MIAMI DADE POLICE OFFICER GIANNI VALDEZ and alleges as follows.

1.     This is an action for money damages on behalf of Plaintiff JOSE GONZALEZ whose constitutional rights were violated when he was falsely detained, handcuffed, and subject to search and seizure.

2.     This action for damages is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Florida, against the Defendants MIAMI DADE COUNTY and against Defendants MIAMI DADE POLICE OFFICER JONATHAN N. CULVER and MIAMI DADE POLICE OFFICER GIANNI VALDEZ, the individual Miami Dade County police officers.

1

## JURISDICTION AND VENUE

3. This action arises under the constitution and laws of the United States, particularly the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in this district because the events complained of occurred in Miami Dade County, Florida.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statutes Chapter 768.

## PARTIES

7. Plaintiff JOSE GONZALEZ (hereinafter "Gonzalez" or "Plaintiff") was at all times relevant to this complaint a citizen of the United States and a resident of Miami-Dade County, Florida.

8. At all times relevant, Defendant MIAMI DADE COUNTY ("COUNTY") is a municipality of the State of Florida and is organized pursuant to the laws of Florida.

9. Defendants Miami Dade County Police Officers JONATHAN CULVER ("CULVER") and GIANNI VALDEZ ("VALDEZ"), were at all times relevant to this complaint duly appointed and acting as police officers of Miami Dade County Police Department.

10. At all material times, Defendants CULVER and VALDEZ were acting under color of state law and color of their authority as police officers. At all times, Defendants CULVER and VALDEZ were engaged in conduct that was the proximate cause of the violations of the Plaintiff's federally protected rights, as more particularized herein.

## STATEMENT OF FACTS

11. On July 15, 2019, the Plaintiff's girlfriend called the Miami Dade Police Department requesting that an officer be dispatched to the Coral Gate apartment building in Miami Dade County.

12. The girlfriend informed the police that she and Plaintiff had an argument, and the girlfriend wanted to move her belongings out of the apartment they once shared. The girlfriend asked the Police Department operator to send a police officer to be present when she retrieved her clothes.

13. She advised the operator that she would be in her car at the apartment building waiting for a police officer to arrive.

14. Defendants Culver and Valdez arrived at the apartment building.

15. Shortly after their arrival, the girlfriend informed the police department that she was no longer at the apartment building and wanted to cancel the call.

16. Nevertheless, Defendants Culver and Valdez proceeded into the building and to the Plaintiff's apartment.

17. When the Defendants arrived at the front door of the Plaintiff's apartment, one of the Defendants tried opening the door found it locked and then knocked.

18. The Plaintiff opened the door when the officer knocked on the door. The Plaintiff stood inside his apartment with the door open as the Defendant Police Officers spoke to the Plaintiff from outside the doorway and advised Plaintiff they were there for a "domestic."

19. The Defendants asked whether the girlfriend was in the apartment and if anyone else was there. Plaintiff replied that no one was there but him. The Plaintiff advised that he had an argument with his girlfriend, but it was outside the apartment.

20. While Plaintiff stood at this doorway, he tried to ask the Defendants why they first tried to open the door before knocking. The Defendants refused to give him an answer.

| | |
|---|---|
| Plaintiff: | Why did you try to open my door? |
| Defendant Culver: | Listen, relax! |
| Plaintiff: | I'm just asking you a question. |
| Defendant Culver: | I don't care! Relax. You're getting ahead of yourself. |
| Defendant Valdez: | This is exactly what I just told you. |
| Plaintiff: | But I just asked you… |
| Defendant Culver: | If you make me nervous, I'm the wrong person you want to get nervous, okay? Okay, so if she's in here.. |
| Plaintiff: | She's not in here, bro. There's nobody here, man. You know what, come check. I'm not gonna play games. I have nothing to hide from you. |
| Defendant Culver: | Can you…where are you man? |
| Plaintiff: | Come in, come in. |

21. Plaintiff had stepped away from the front door and walked into interior of the living room in plain sight of the Defendants where he offered to show the Defendants no one was in the apartment.

22. Defendant Culver responded to Plaintiff by saying, "Hey, shut your mouth! Shut your mouth! Where are you?" The Defendants then insisted that Plaintiff return to the front door.

23. As Plaintiff returned to the front door, he took out his phone and said he was going to record his interaction with Defendant Culver. The Plaintiff explained, "He's making me nervous, so I'm gonna go ahead and record that. What's your badge?"

24. The Plaintiff approached the open doorway. While standing inside his apartment he held up his phone to record Defendant Culver. As he did, Defendant Culver slapped the phone out of the Plaintiff's hands causing the phone to hit the floor.

25. Plaintiff then turned around and returned to the interior of his apartment because he no longer wished to speak with Defendant Culver, leaving the Defendants standing at the open doorway.

26. Defendants Culver and Valdez then entered the Plaintiff's apartment, found Plaintiff in a hallway and forced Plaintiff to leave his apartment by threatening to use a taser on the Plaintiff if he did not comply. Once Plaintiff was outside his apartment, Defendant Culver ordered Plaintiff to put his hands on the wall and handcuffed Plaintiff.

27. Defendant Culver brought the handcuffed Plaintiff back inside his apartment and forced him to sit on a chair while Defendant Valdez searched through the apartment looking in every room.

28. Defendant Culver stood over Plaintiff and told Plaintiff to "stop fucking with me" or Defendant Culver would take Plaintiff to "TGK" (jail).  Defendant Culver proceeded to berate Plaintiff for his earlier attempt to video Defendant Culver.

29. Plaintiff was forced to remain in handcuffs even though he committed no crime and there was no probable cause that a crime had been committed by the Plaintiff.

30. Meanwhile, Defendants spoke to the girlfriend by phone and told her to come to the apartment.  A few minutes later the girlfriend entered the apartment and spoke to the Defendants, explaining that the Plaintiff committed no crime.

31. At no time did Plaintiff violate any criminal laws or criminal ordinances.  At no time was there any reasonable suspicion to indicate that the Plaintiff violated any criminal laws or criminal ordinances.  Even though the Defendants knew the Plaintiff committed no offense. Nevertheless, the Defendants kept Plaintiff handcuffed and detained in his apartment for approximately 18 minutes until Defendant Culver finally released the handcuffs.

## CAUSES OF ACTION

## COUNT 1

### STATE FALSE ARREST, FALSE IMPRISONMENT AND/OR UNLAWFUL RESTRAINT - DEFENDANT MIAMI DADE COUNTY

For this cause of action against the Defendant in Count 1, Plaintiff states:

32. Plaintiff realleges and adopts, as if fully set forth in Count 1, the allegations of paragraphs 1 through 31.

33. The actions of Defendants Jonathan Culver and Gianni Valdez, in causing the seizure of Plaintiff in the absence of probable cause, were taken in the absence of lawful authority.

34. Defendants Jonathan Culver and Gianni Valdez proximately caused the false arrest, false imprisonment, and/or unlawful restraint of Plaintiff in the absence of any reasonable indication that Plaintiff had committed or was about to commit a violation of any criminal laws or criminal ordinances as authorized by FL. Stat. 901.151(Stop and Frisk Law).

35. The actions of Defendants Culver and Valdez constitute false arrest, false imprisonment, and/or unlawful restraint of Plaintiff under Florida law.

36. The false arrest, false imprisonment, and/or unlawful restraint of Plaintiff against his will was committed by Defendants Culver and Valdez in the course and scope of their employment as police officers for Defendant Miami-Dade County.

37. As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation.

The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays:

a.  Judgment for compensatory damages against DEFENDANT MIAMI DADE COUNTY in excess of $ 15,000 dollars;

b.  Cost of suit;

c.  Trial by jury as to issues so triable; and

d.  Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 2

## STATE BATTERY CLAIM - DEFENDANT MIAMI DADE COUNTY

For this cause of action against the Defendant in Count 2, Plaintiff states:

38.  Plaintiff realleges and adopts, as if fully set forth in Count 2, the allegations of paragraphs 1 through 31.

39.  Defendants Culver and Valdez used physical force in the course of falsely arresting, imprisoning, and/or restraining the Plaintiff by forcing him out of his apartment, handcuffing him, and forcing to sit handcuffed in his apartment.

40.  At all times Defendants Culver and Valdez were Miami-Dade Police Officers and in such capacity were agents, servants, and employees of the Defendant.

41.  A battery is defined as an unlawful touching or striking or the use of force against the person of another with the intention of bringing about a harmful or offensive contact or apprehension thereof.

42.  The battery by Defendants Culver and Valdez against Plaintiff occurred with force to the Plaintiff.

43.     As an direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the loses and damages in the future.

WHEREFORE, Plaintiff prays:

    a.    Judgment for compensatory damages against defendant MIAMI DADE COUNTY in excess of $15,000 Dollars;

    b.    Costs of suit;

    c.    Trial by jury as to issues so triable; and

    d.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 3

## STATE TRESPASS - DEFENDANT MIAMI DADE COUNTY

For this cause of action against the Defendant in Count 3, PLAINTIFF states:

44.     PLAINTIFF realleges and adopts, as if fully set forth in Count 3, the allegations of paragraphs 1 through 31.

45.     On said date, Defendants Culver and Valdez were police officers and agents of the Defendant Miami Dade County when they intruded into and remained in the said residence without permission of Plaintiff or any occupant or owner and without lawful authority.

46.     As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered

grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays in regard to the DEFENDANT Miami Dade County:

a. Judgment for compensatory damages in excess of $15,000 Dollars;

b. Costs of suit;

c. Trial by jury as to issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 4

## STATE INVASION OF PRIVACY - DEFENDANT MIAMI DADE COUNTY

For this cause of action against the Defendant in Count 4, PLAINTIFF states:

47. PLAINTIFF realleges and adopts, as if fully set forth in Count 4, the allegations of paragraphs 1 through 31.

48. On said date, Defendants Culver and Valdez were police officers and agents of the Defendant Miami Dade County when they intruded into and remained in the said residence without permission of any occupant or owner and without lawful authority.

49. During the course of the said entering and remaining, Defendants Culver and Valdez examined and viewed the possessions of PLAINTIFF.

50. At all times, PLAINTIFF had an expectation of privacy in his private and personal residence and possessions.

51. As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered

grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, PLAINTIFF prays in regard to DEFENDANT Miami Dade County:

    a.    Judgment for compensatory damages against DEFENDANT Miami Dade County in excess of $15,000 Dollars;

    b.    Costs of suit;

    c.    Trial by jury as to issues so triable; and

    d.    Such other relief as this Honorable Court may deem just and appropriate

## COUNT 5

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – DEFENDANTS CULVER AND VALDEZ

For this cause of action against the Defendants in Count 5, Plaintiff states:

52. Plaintiff realleges and adopts, as if fully set forth in Count 5, the allegations of paragraphs 1 through 31.

53. The conduct of Defendants Culver and Valdez was done intentionally. The intentional actions of Defendants Culver and Valdez involved the physical force used in the course of falsely arresting, restraining, imprisoning, and detaining Plaintiff, which included, physical force against him in his own home, forcing him out of his home at under threat of taser, forcing him to place his hands against the hallway wall of his apartment building in view of neighboring apartments, handcuffing him, forcing Plaintiff back in his apartment to sit in

10

handcuffs while Defendants humiliated, frightened, and embarrassed him, all of which constituted extreme and outrageous conduct.

54. Defendants Culver and Valdez through their extreme and outrageous conduct intentionally and recklessly caused Plaintiff severe emotional distress, depression, post traumatic stress disorder and other physical and mental health injuries.

55. As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of her freedom, loss of income, costs of bond and attorney fees, suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, the Plaintiff prays:

    a. Judgment against Defendant Culver and Valdez for compensatory damages in excess of fifteen thousand dollars ($15,000) Dollars;

    b. Costs of suit;

    c. Trial by jury as to issues so triable; and

    d. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 6

## SECTION 1983 FALSE ARREST AND/OR SEIZURE - DEFENDANTS CULVER AND VALDEZ

For this cause of action against the Defendants in Count 6, Plaintiff states:

56. Plaintiff realleges and adopts as if fully set forth in Count 6, the allegations of paragraphs 1 through 31.

57. Defendants Culver and Valdez subjected Plaintiff to the deprivation of the rights and privileges secured to him by the Constitution of the United States including the constitutional right not to be deprived of liberty and to be free from unlawful arrest and/or seizure under the Fourth Amendment within the meaning of 42 U.S.C. § 1983.

58. With regard to the violations of the constitutional rights of Plaintiff as alleged in this count, the actions of Defendants Culver and Valdez were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress Plaintiff and were done with a reckless or callous indifference to the federally protected rights of Plaintiff.

59. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. §1983, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages against Defendants Culver and Valdez in excess of $ 15,000 dollars;

    b. Cost of suit;

    c. Punitive damages;

    d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 7

## SECTION 1983 FIRST AMENDMENT RETALIATION - DEFENDANTS CULVER AND VALDEZ

For this cause of action against the Defendants in Count 7, Plaintiff states:

60. Plaintiff realleges and adopts as if fully set forth in Count 7, the allegations of paragraphs 1 through 31.

61. The false arrest, false imprisonment, and/or unlawful restraint by Defendants Culver and Valdez, as alleged in Count 1 and as fully incorporated herein, was motivated by a retaliation against Plaintiff for his attempt to video tape his interaction with Defendants Culver and Valdez.

62. The battery of Plaintiff by Defendants Culver and Valdez, as alleged in Count 2 and as fully incorporated herein, was a result of and motivated by a retaliation against Plaintiff for his attempt to video tape his interaction with Defendant Culver.

63. The conduct of Defendants Culver and Valdez towards Plaintiff constitutes unlawful retaliation in violation of Plaintiff's clearly established rights under the First and Fourteenth Amendments and 42 U.S.C. §1983 and would likely deter a person of ordinary firmness from the exercise of First Amendment rights.

64. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiff has suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and

damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future. WHEREFORE, Plaintiff prays:

    a.    Judgment for compensatory damages against Defendants Culver and Valdez in excess of $ 15,000 dollars;

    b.    Cost of suit;

    c.    Punitive damages

    d.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    e.    Trial by jury as to issues so triable; and

    f.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT 8

### SECTION 1983 ILLEGAL SEARCH – DEFENDANTS CULVER AND VALDEZ

For this cause of action against Defendants in Count 8, Plaintiff states:

65.    Plaintiff realleges and adopts as if fully set forth in Count 8, the allegations of paragraphs 1 through 31.

66.    This cause of action is brought by Plaintiff against Defendants Culver and Valdez for the depravation of Constitutional rights within the meaning of 42 U.S.C. §1983.

67.    The entry of Defendants Culver and Valdez into the residence of Plaintiff was done without any legal right. The actions of Defendants Culver and Valdez constitute an unlawful entry and search of the property and residence of PLAINTIFF in violation of her Fourth Amendment rights within the meaning of 42 U.S.C. § 1983.

68. With regard to the violations of the constitutional rights of PLAINTIFF as alleged in this count, the actions of Defendants Culver and Valdez were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress Plaintiff and were done with a reckless or callous indifference to the federally protected rights of Plaintiff.

69. With regard to the violations of the constitutional rights of Plaintiff as alleged in this count, the actions of Defendants Culver and Valdez were done with malicious intent, ill will, spite, intent to injure, evil motive, wickedness, formed design to injure or oppress Plaintiff and were done with a reckless or callous indifference to the federally protected rights of Plaintiff.

70. As a direct and proximate result, Plaintiff suffered bodily injury and resulting pain and suffering, loss of his freedom, loss of income, costs of bond and attorney fees, suffered grievously, was brought into public scandal with great humiliation, endured emotional distress in the form of shame, humiliation, degradation, mental suffering and suffered damaged reputation. The losses and damages are either permanent or continuing in nature and Plaintiff will suffer the losses and damages in the future.

WHEREFORE, Plaintiff prays:

    a. Judgment for compensatory damages against Defendants CULVER and VALDEZ in excess of $15,000 dollars;

    b. Cost of suit;

    c. Punitive damages

    d. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    e. Trial by jury as to issues so triable; and

    f. Such other relief as this Honorable Court may deem just and appropriate.

KENNETH SWARTZ
Counsel for PLAINTIFF JOSE GONZALEZ

SWARTZ LAW FIRM
14 NE 1st Ave. Ste. 1211
Miami, FL 33132-2452
Telephone: (305) 579-9090
Fax: (305) 579-9090
ken@swartzlawyer.com

By: /s/ Kenneth Swartz
Florida Bar No. 331929